Shoo-In, LLC v Rivera

2026 NY Slip Op 02079

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Shoo-In, LLC, Appellant,

v

Randy C. Rivera, Respondent.

Decided and Entered: April 07, 2026

Index No. 656269/16|Appeal No. 6274|Case No. 2025-00173|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Hang & Associates, PLLC, Flushing (Ge Qu of counsel), for appellant.

Randy C. Rivera, respondent pro se.

[*1]

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered December 23, 2024, which denied plaintiff's motion to vacate an order, same court and Justice, entered on or about July 22, 2024, dismissing the complaint as abandoned pursuant to CPLR 3215(c), unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in denying plaintiff's motion to vacate the order dismissing the complaint as abandoned, as plaintiff failed to demonstrate a justifiable excuse for its five-year delay in moving for entry of a default judgment against defendant (see CPLR 5015[a][1]; 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp., 241 AD3d 1134, 1135 [1st Dept 2025]). Plaintiff's explanation for its inaction — that the associate responsible for litigating this action left the law firm plaintiff retained — is insufficient. Although law office failure may constitute a reasonable excuse for failure to enter a judgment (see Mejia v Ramos, 113 AD3d 429, 430 [1st Dept 2014]), plaintiff failed to explain why it did not pursue entry of the default judgment in the several-month period between the date the court directed entry of a default judgment (July 11, 2019) and the date that the associate left the law firm (October 22, 2019). Moreover, although the firm temporarily closed in March 2020 because of the COVID-19 pandemic, it resumed normal operations roughly a week before the one-year deadline set forth in CPLR 3215(c) elapsed on July 11, 2020.FN1 Plaintiff's general assertion that the law firm experienced ongoing disruptions in the wake of the COVID-19 pandemic and that plaintiff's director was stranded in China for five years is not disputed, but lacks sufficient detail to constitute a reasonable excuse. Similarly, plaintiff's argument that it did not move for entry of a default judgment because the parties were engaging in settlement discussions and discovery is unavailing. Plaintiff could have advised the motion court about the reason for its delay.

Because plaintiff failed to demonstrate a justifiable excuse for its delay, we need not address whether it has shown a potentially meritorious cause of action (see McNaughton v 5 W. 14 Owners Corp., 235 AD3d 471, 474 [1st Dept 2025]).

We have considered plaintiff's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026

Footnotes

Footnote 1: While Executive Order No. 202.8 tolled the statutes of limitations in New York from March 2020 through November 3, 2020 because of the COVID-19 pandemic, plaintiff still waited almost four more years, until July 1, 2024, to resume litigating its case.